**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRIAN KERRY O'KEEFE,

    Petitioner,                                3:16-cv-00471-HDM-VPC

vs.                                              **ORDER**

ROBERT LeGRAND, *et al.*,

    Respondents.

_____/

      This is a habeas corpus action, brought by Nevada prisoner Brian Kerry O'Keefe. O'Keefe initiated the action on August 8, 2016 (ECF No. 1). On August 10, 2016, the court screened O'Keefe's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, determined that it is plainly without merit, and summary dismissed it (ECF No. 3); judgment was entered on that same date (ECF No. 4).

      On August 16, 2016, O'Keefe filed a motion for reconsideration (ECF No. 5).

      Where a ruling has resulted in final judgment, a motion for reconsideration may be construed as either a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Rule 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  A motion to alter or amend a judgment, under Rule 59(e), "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

O'Keefe presents no reason for the court to reconsider the dismissal of this action.  In his habeas petition in this case, O'Keefe does not articulate any viable claim that he is held in custody in violation of the constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2241.  O'Keefe's habeas petition in this case is plainly without merit, and was properly summarily dismissed.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration (ECF No. 5) is **DENIED**.

Dated this 17th day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE